**Jose ROMERO et al., Plaintiffs-Appellants,**

v.

**Colbert COLDWELL et al., Defendants-Appellees.**

**No. 71–1414.**

United States Court of Appeals, Fifth Circuit.

Feb. 8, 1972.

Woodrow W. Bean, El Paso, Tex., Mario Obledo, Michael Mendelson, Alan Exelrod, San Francisco, Cal., for plaintiffs-appellants.

Crawford C. Martin, Atty. Gen. of Texas, Austin, Tex., George N. Rodriguez, Jr., County Atty., Ronald D. Coleman, Asst. County Atty., El Paso, Tex., Enrique H. Peña, County Atty., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

The appellants sought by class action in the United States District Court a determination of whether the one-man, one-vote concept applies to elected justices of the peace in El Paso County, Texas. The court dismissed the petition on the ground that Avery v. Midland County, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 (1968), had no application, and plaintiffs appealed.[1] The Supreme Court in *Avery* held the one-man, one-vote concept binding in the election of the members of the Midland County, Texas Commissioners Court, a local gov-

1. The appeals in two consolidated cases, Dwyer v. Texas and Chavez v. Texas, docketed under the same number as the instant case, have previously been voluntarily dismissed on motion of appellants therein.

ernment unit having "general governmental powers over the entire geographic area served by the body." 390 U.S. at 485, 88 S.Ct. at 1120, 20 L.Ed.2d at 53. Rejecting labels descriptive of a government body's functions as determinative of the concept's applicability, the Court instead stressed the discretionary power of the Commissioner's Court to make decisions affecting all citizens under its jurisdiction.

The petition alleged that El Paso County is divided into eight justice of the peace precincts, each precinct having one justice of the peace except for one precinct which has two, and that the precincts are widely varying in population, with the result that the votes of persons in the more populous precincts are diluted.[2] The petition contained no allegations describing the jurisdiction of justices of the peace in El Paso County. However, in this court appellants contend that each justice of the peace has county-wide jurisdiction, and they acknowledge that this is the linchpin of their case. It appears that this is a question that is neither settled nor clear under Texas law. We affirm the dismissal on the ground of abstention rather than on the ground stated by the trial judge, but modify it to provide it is without prejudice.[2A]

Appellants assert that county-wide jurisdiction, both criminal and civil,[3] is conferred by art. V, § 19 of the constitution of Texas,[4] Vernon's Ann.St. However, art. 45.22 of the Vernon's Ann. Code of Criminal Procedure requires that in a county with a population of 225,000 or more—and appellants allege the population of El Paso County to be approximately 377,000—a person charged with an offense and to be tried by a justice of the peace shall be tried in the precinct where the alleged offense was committed, unless there is no qualified justice of the peace court in that precinct (in which case trial shall be in the next adjacent precinct having a qualified court) or the justice of the peace in that precinct is disqualified (in which case trial shall be in some other justice precinct within the county). To compound the problem, Tex.Rev.Civ. Stat.Ann art. 2460a creates small claims courts in which justices of the peace sit as judges, and section 3 thereof prescribes that civil actions brought in such a court must be brought in the county and precinct in which the defendant resides.

Controversy in Texas over the extent of jurisdiction of justices of the peace appears to be of long standing. Appellants attach to their brief an opinion of the Attorney General of Texas[5] that C.C.P. art. 4.12 (which provides that misdemeanors tried in justice court generally shall be tried in the precinct where the offense was committed or where a defendant resides) and C.C.P. art. 45.22 violate the Texas constitution. The opinion notes that in two earlier opinions, in 1945 and 1948, the Attorney General had twice expressed the view that a predecessor of art. 4.12 having the same purpose was unconstitutional. While these opinions may be helpful and even persuasive to a court, they are advisory only and do not carry the force of a judicial decision.[6]

This background of state statutes and constitutional provision, clarification of which by the Texas courts may

2. Vernon's Tex.Rev.Civ.Stat.Ann. Art. 2373 provides that a justice of the peace shall be elected by the qualified voters of each justice precinct.

2A. Our affirmance neither indicates nor implies a position one way or the other on whether the one-man one-vote rule applies to judicial officers in general or to justices of the peace in El Paso County, Texas, in particular. We do not reach that issue.

3. Over criminal cases where the fine does not exceed $200 and civil cases where the amount in controversy does not exceed $200.

4. Which appears to be carried forward into C.C.P art. 4.11, and Tex.Rev.Civ.Stat. Ann. art. 2385.

5. Op. Att'y Gen. C–602 (1966).

6. *See, e. g.,* Kerby v. Collin County, 212 S.W.2d 494 (Tex.Civ.App.1948).

obviate any necessity for federal constitutional litigation, indicates the propriety of abstention in accord with the familiar principles of Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), recently reaffirmed in Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971), Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970), and Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970). Of course, a federal court should not stay its hand in every case in which "the law is uncertain or difficult to determine," Meredith v. Winter Haven, 320 U.S. 228, 236, 64 S.Ct. 7, 12, 88 L.Ed. 9, 14–15 (1943), but "only in narrowly limited 'special circumstances,'" Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 393, 19 L.Ed.2d 444, 450 (1967). Decision of unsettled state law by the state courts in the first instance "is especially desirable where the questions of state law are enmeshed with federal questions," City of Meridian v. Southern Bell Tel. & Tel. Co., 358 U.S. 639, 640, 79 S.Ct. 455, 3 L.Ed.2d 562, 563 (1959), unless the state statute is clear and unambiguous in all respects and does not render decision of the constitutional question unnecessary, Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971), Harman v. Forssenius, 380 U.S. 528, 85 S. Ct. 1177, 14 L.Ed.2d 50 (1965). When the state statute offers no room for uncertainty in the law, there lurks no danger of the federal court's irritating federal-state relations, prematurely adjudicating constitutional issues, or deciding hypothetical questions—all policies underlying the abstention doctrine.

Clarity and unambiguity are lacking with respect to territorial jurisdiction of a Texas justice of the peace, given the disparity between C.C.P. arts. 4.12 and 45.22 which speak in terms of government units and C.C.P. art. 4.11, Tex. Rev.Civ.Stat.Ann. arts. 2385, 2460a, and Texas Const. art V, § 19, all of which go to subject matter jurisdiction. It is possible that the Texas courts may flesh out the bare bones of the constitution and statutes by finding the boundary of the jurisdiction of a justice of the peace coincident with the precinct from which he is elected rather than county-wide.

There have been suggestions that the particular right sought to be enforced and the probable consequences of abstaining must be taken into consideration in determining whether to stay the proceedings. See Harman v. Forssenius, supra; Edwards v. Sammons, 437 F.2d 1240 (5th Cir. 1971). In Harman conditions imposed by state statute on the right to vote in federal elections had been challenged in federal District Court as violative of the United States Constitution. In holding that the District Court did not abuse its discretion when it refused to abstain, the Supreme Court emphasized the importance of the right allegedly impaired, the need at that time for immediate solution of the problem by the lower court (because of the impending deadline for meeting the statutory requirements under attack and because of the upcoming general elections), and the delay inherent in first referring questions of state law to state tribunals. But it also noted there was no reason to abstain because the state statutes involved were clear and unambiguous in all material respects and did not eliminate the need for constitutional decision. Relying on Harman, a panel of this court in Edwards placed emphasis on the nature of the right concerned —again the right to vote set in the framework of need for immediate relief. In reaching its decision that the lower court erred in abstaining, the court carefully pointed out that it was not altogether clear that the federal constitution question would be avoided by a construction of the charter and statutes in the state court.

On the other hand, the Supreme Court has not refrained from ordering abstention when a controversy involves a sensitive right and also presents a traditional ground for abstention. Where there was reasonable room for construction by the state courts that might avoid constitu-

tional adjudication, the Supreme Court found abstention proper despite the thinly veiled racially discriminatory nature of the offending statutes. Harrison v. NAACP, 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959). *Pullman* itself involved a claim by black porters that an order of the Texas Railroad Commission discriminated against them on the basis of race in violation of the fourteenth amendment. As recently as last Term in Askew v. Hargrave, *supra,* a § 1983 case concerning the right to equal expenditures for education regardless of wealth, the Supreme Court vacated a lower court judgment and remanded with directions to abstain because state law claims under the state constitution, if sustained in a pending state case, would obviate the necessity of determining the fourteenth amendment question raised in federal court. Thus, it confirmed that traditional abstention principles apply to civil rights cases. Hobbs v. Thompson, 448 F.2d 456, 466 (5th Cir. 1971). *See also* Reid v. Board of Education, 453 F.2d 238 (2d Cir. 1971).

The existence or not of a pending state judicial proceeding to determine the question of state law is not determinative. The policies furthered by abstention cannot be circumvented merely by the plaintiff's selecting a federal forum to the exclusion of the state forum. Government & Civil Employees Organizing Committee CIO v. Windsor, 116 F.Supp. 354, 359 (N.D.Ala.1953), aff'd per curiam, 347 U.S. 901, 74 S.Ct. 429, 98 L.Ed. 1061 (1954).

Retention of jurisdiction by the abstaining federal court pending state court determination is usually the better practice where a constitutional issue is involved. Zwickler v. Koota, 389 U.S. 241, 244 n.4, 88 S.Ct. 391, 19 L.Ed. 2d 444, 448 n.4. *See* Askew v. Hargrave, *supra*; Reetz v. Bozanich, *supra.* However, the Texas Supreme Court held in United Services Life Ins. Co. v. Delaney, 396 S.W.2d 855 (Tex.1965), that a state court could not entertain a declaratory judgment proceeding brought subsequent to the federal court's retention of jurisdiction in the same controversy,

because the federal court's continuing jurisdiction to enter final judgment precluded the state court itself from entering a final judgment, thus rendering its decision advisory in nature and in violation of the Texas constitution's prohibition against advisory opinions. Thus, dismissal by the federal court is appropriate in order that the plaintiffs may proceed in the Texas courts if they wish, but the dismissal must be without prejudice. Barrett v. Atlantic Richfield Co., 444 F.2d 38 (5th Cir. 1971).

The dismissal is modified to a dismissal without prejudice, and as so modified is affirmed.