Bartley BRADEN, Plaintiff–Appellant,

v.

TEXAS A & M UNIVERSITY SYSTEM, etc., et al., Defendants–Appellees.

No. 80–1613
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Feb. 2, 1981.

George M. Kirk, Jr., Houston, Tex., for plaintiff–appellant.

Barbara C. Marquardt, Asst. Atty. Gen., Austin, Tex., for defendants–appellees.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

Bartley Braden contends his employment by Texas A&M University System was terminated in violation of 42 U.S.C. § 1983. Three and a half years after his discharge, he brought this action claiming that he had been deprived of his "property" interest in his employment without due process of law and that the arbitrary and capricious manner of his termination injured a reputational interest constitutionally protected under the first and fourteenth amendments. The district court dismissed the action for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), because the analogous state statute of limitations for suits arising out of oral contracts had run. While the district court erroneously applied the state limitations statute applicable to contract actions, the claim was time-barred under the appropriate state statute of limitations, and we affirm its dismissal.

Because Congress did not establish a statute of limitations applicable to actions brought in federal court under Section 1983, federal courts apply the state law of limitations governing an analogous state cause of action. *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 483, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440, 446–448 (1980); *Pegues v. Morehouse Parish School Board*, 632 F.2d 1279 (5th Cir. 1980); *Miller v. Smith*, 615 F.2d 1037, 1039 (5th Cir. 1980); *Williams v. Rhoden*, 629 F.2d 1099, 1103 (5th Cir. 1980). *See* 42 U.S.C. § 1988. The applicable limitation period is the one prescribed by the forum state for suits seeking similar relief in state court. *Miller v. Smith*, 615 F.2d at 1039 (5th Cir. 1980).

In *Shaw v. McCorkle*, 537 F.2d 1289 (5th Cir. 1976), we described a two step procedure for determination of the applicable statute of limitations focusing first on the essential nature of the claim under federal law and then on the period applicable to a like claim brought under state law. *See Franklin v. City of Marks*, 439 F.2d 665, 669 (5th Cir. 1971). However, in characterizing the federal claim under step one, the federal court draws heavily upon the state law categorization of the claim presented, thus blurring the distinction between the two steps. *Shaw v. McCorkle*, 537 F.2d at 1292.

Section 1983 is to be interpreted against a "background of tort liability. . . ." *Monroe v. Pape*, 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492, 505 (1961). Liability is imposed for subjecting a person to the deprivation of rights secured by the Constitution and laws of the United States, not for breach of contract. Therefore, the cause of action is in essence delictual.

The analogous state law claim for purposes of selecting the state statute of limitations should sound in tort, not contract. *Cf. Guerra v. Manchester Terminal Corp.*, 498 F.2d 641 (5th Cir. 1974) (in a Section 1981 action, rejecting contract limitations period under article 5527, Tex.Rev.Civ.Stat., in favor of that provided by article 5526); *Page v. U. S. Industries, Inc.*, 556 F.2d 346, 352 (5th Cir. 1977), *cert. denied*, 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978) (statute of limitations applicable to contract actions not applicable to Section 1981 action because the Section 1981 action is independent of any contractual agreement and arises from the employer's duty not to violate the plaintiff's civil rights). *See Nolan v. Storey*, 474 F.Supp. 454 (N.D.Tex.1979) (Article 5526, which governs personal injury claims, applies to a Section 1983 claim alleging violation of procedural due process in plaintiff's suspension from his job). *See generally* S. Nahmod, Civil Rights & Civil Liberties Litigation § 4.13 (1979).

In this case the district court characterized the analogous state law claim as arising in contract. Having determined without sufficient support from the record that Braden was employed under an oral contract, a fact not alleged in the complaint and thus

not properly determined in a rule 12(b)(6) motion,[1] the trial court applied the two year statute of limitations applicable to actions arising out of oral contracts, article 5526(4), Tex.Rev.Civ.Stat.,[2] and dismissed the claim as time–barred.

■ If the state had merely breached a contract with Braden he would have had no cause of action under Section 1983. Relief is predicated on a denial of a constitutional right. *Baker v. McCollan*, 443 U.S. 137, 138–140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979). Just as Section 1983 does not create a cause of action for every state–action tort, *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Shillingford v. Holmes*, 634 F.2d 263 (5th Cir. 1980), it does not make a federal case out of every breach of contract by a state agency.

■ The complaint alleged an injury to Braden's reputation, which he contends should be constitutionally protected under the rubric of substantive due process, as well as a deprivation of his "property" interest in his employment in violation of procedural due process guarantees. These are not mere breach of contract claims. They are claims for deprivation of property without due process even though the property interest is alleged to be founded on a contract. An action for protection of reputational interest would be governed by the two–year limitation period provided by article 5526(6) for suits claiming injury done to the person of another.[3] *Cf. Miller v. Smith*, 615 F.2d 1037 (5th Cir. 1980) (article 5526(6) applicable to Section 1983 action for unlawful arrest); *Jackson v. Duke*, 259 F.2d 3 (5th Cir. 1958) (article 5526(6) applicable to Section 1983 action for assault by policeman). For deprivation of property without due process of law, we have invoked article 5526(1),[4] applicable to actions for trespass to property, and article 5526(2),[5] applicable to actions for detaining property and for conversion, to serve as the statute of limitations in Section 1983 actions. *Kittrell v. City of Rockwall*, 526 F.2d 715 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 379 (1976); *Bryant v. Potts*, 528 F.2d 621 (5th Cir. 1976). *See Snell v. Short*, 544 F.2d 1289 (5th Cir. 1977) (applying article 5526 to action for deprivation of property without due process of law but not indicating under which subsection of article 5526 the action is categorized). *But see McGuire v. Baker*, 421 F.2d 895 (5th Cir.), *cert. denied*, 400 U.S. 820, 91 S.Ct. 37, 27

1. Faced with a complaint that was at the worst ambiguous, the district court should not have assumed the contract to be oral nor found it to be so only on the face of the complaint and the defendants' ex parte affidavit. The proper procedure is set forth in Rule 12(b), Fed.R.Civ.P.:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*See Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413 (5th Cir. 1980); *Hickey v. Arkla Industries, Inc.*, 615 F.2d 239, 240 (5th Cir. 1980).

2. Tex.Rev.Civ.Stat.Ann., Title 91, article 5526 (Vernon) provides in pertinent part:

> There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:
> 1. Actions of trespass for injury done to the estate or the property of another.
> 2. Actions for detaining the personal property of another, and for converting such property to one's own use.
> 　　\*　　\*　　\*　　\*　　\*　　\*
> 4. *Actions for debt where the indebtedness is not evidenced by a contract in writing.*
> 　　\*　　\*　　\*　　\*　　\*　　\*
> 6. Action for injury done to the person of another.

Tex.Rev.Civ.Stat.Ann., Title 91, article 5526 (emphasis added).

3. *See also* article 5524, Tex.Rev.Civ.Stat., providing a one year limitations period in actions for injuries done to the character or reputation of another by libel or slander. *See, e. g., Kelley v. Rinkle*, 532 S.W.2d 947 (Tex.1976); *Armstrong v. Morgan*, 545 S.W.2d 45 (Tex.Civ.App. 1976).

4. *See* note 2, *supra.*

5. *See* note 2, *supra.*

L.Ed.2d 47 (1970) [action under Section 1983 to recover speculative value of oil lands as result of dry holes drilled would be classified as an action for debt not evidenced by written contract, article 5526(4)]. The tort actions for trespass to property or for conversion of property appear to be analogous to the claimed deprivation of a property interest in employment alleged here. Under the state statute of limitations applicable to these actions, the claims in this case were time–barred.

For these reasons, the judgment is AFFIRMED.