William J. CARROUCHE, et al.

v.

CITY OF NEW ORLEANS.

Civil Action No. 96–3464.

United States District Court, E.D. Louisiana.

Dec. 9, 1998.

---

Louis Leo Robein, Jr., Robein, Urann & Lurye, Metairie, LA, Marie Healey, Healey & Associates, New Orleans, LA, Daniel Alan Smith, Healey & Smith, New Orleans, LA, for Plaintiffs.

Joseph Vincent DiRosa, Jr., Avis Marie Russell, Deborah Louise Wilson, Errol Barry Conley, City Attorney's Office, New Orleans, LA, Joyce Gerdes Joseph, Joyce Joseph, Attorney at Law, New Orleans, LA, for Defendants.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is the City of New Orleans's Motion to Abstain. For the reasons that follow, the Motion is GRANTED.

### Background

This dispute arises from the City of New Orleans's historical underfunding of the Firefighters Pension and Relief Fund. Plaintiffs complain that the City's failure to properly appropriate money for the Fund frustrates the Board of Trustees' obligation to maintain sufficient resources to make benefits payments to plan participants.

The plaintiffs have previously sued the City for under-funding the pension fund. In 1989, the Fund and its Trustees obtained a state court judgment against the City requiring the City to replenish the plan with $5.8 million in reserves to make it actuarially sound. *Nicolay v. City of New Orleans*, 546 So.2d 508 (La.Ct.App.1989). The judgment included a writ of mandamus compelling City officials to make appropriate payments to the fund. *Id.* For unclear reasons, plaintiffs have not wanted to enforce the state court judgment.[1]

Instead of seeking enforcement in state court, plaintiffs filed this federal lawsuit claiming that the City continues to under-fund the pension plan, effectively "taking" the firemen's vested property rights without due process, in violation of the Fourteenth Amendment. The City quite properly asks the Court to abstain from exercising jurisdiction.

### Law and Application

Principles of federalism and comity define and circumscribe the contours of this Court's jurisdiction when it intersects with that of the state courts. Finding that the issues presented are more properly resolved in a state forum, the Court must abstain from exercising its jurisdiction to avoid disrupting the balance between federal and state power.

A state court already has reached a final judgment on the merits. *See Nicolay*, 546 So.2d 508. The *Nicolay* judgment included a writ of mandamus as an enforcement mechanism. Although plaintiffs may be entitled to additional benefits accruing after that judgment, and possibly additional retroactive relief in light of amendments to the statutory scheme for administering the Fund, the Court cannot overlook the fact that plaintiffs have unilaterally failed to enforce the original state court judgment. Insofar as relief here may encompass the fruits of the *Nicolay* judgment, the Court must abstain because plaintiffs have not even attempted to avail themselves of the state court-prescribed enforcement method.

---

1. Former plaintiffs' counsel merely scoffed at the prospect of enforcing the judgment as "distasteful." The Court does not understand what is distasteful about enforcing the judgment that was the object of initiating the lawsuit. It seems wholly counterintuitive for a lawyer to find success distasteful; one can only wonder whether the clients would agree.

■ A pending post-judgment enforcement proceeding triggers *Younger* abstention. *Ballard v. Wilson,* 856 F.2d 1568, 1570 (5th Cir.1988) (citing *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) and *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977)). The fact that plaintiffs chose to initiate new proceedings here instead of pursuing state court enforcement rights does not compel a different result; it is a distinction without a difference. *Romero v. Coldwell,* 455 F.2d 1163, 1167 (5th Cir.1972). The *Younger* doctrine would be eviscerated if litigants could evade abstention simply by failing to take recourse to available state post-trial procedures. *Cf. Huffman,* 420 U.S. at 609–611, 95 S.Ct. 1200 (applying *Younger* and requiring litigants to pursue state appellate relief despite fact that there were no pending state proceedings because the state judgment was technically final.)

■ Plaintiffs' dissatisfaction with the state forum—or the alleged "distastefulness" of resorting to state enforcement procedures—cannot support the exercise of this Court's jurisdiction. It would seriously offend comity and federalism were the Court not to defer to the state enforcement mechanism. It would weaken the very architecture of our republican government.[2]

The factors underlying the *Pullman* doctrine also weigh in favor of abstention. *Pullman* abstention is animated by a policy of constitutional avoidance, and the concern that resolution of a federal question might generate "needless friction" with state policies where the federal constitutional question "touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open." *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 498, 500, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The *Pullman* abstention doctrine extends to cases under 42 U.S.C. § 1983. *Boehning v. Indiana State Employees Ass'n. Inc.,* 423 U.S. 6, 96 S.Ct. 168, 46 L.Ed.2d 148 (1975) (per curiam).

Plaintiffs protest that they are entitled to seek resolution of their claims in a federal court. They maintain that the historical under-funding of the firemen's pension fund is a Taking in violation of the Fourteenth Amendment. The Takings nomenclature, however, is only a foil for a question of purely state law. Characterizing the suit as a Takings is not helpful; at bottom, the federal question devolves into a calculus under a state administrative scheme.

The City is required to maintain a pension fund for the City's firefighters. La.Rev.Stat. 11:3361–3367. Indeed, the Louisiana Constitution guarantees such benefits. La. Const. Art. 10, § 29(B). A state court's resolution of this matter with due regard for the state constitution will obviate the need to reach a federal constitutional question. As the *Nicolay* case demonstrates, the state courts have the power to enforce obedience to their orders by way of a writ of mandamus; this Court is aware of no reason that plaintiffs cannot secure their rights—and the already obtained *Nicolay* judgment—in a state proceeding. *See Pullman,* 312 U.S. at 502, 61 S.Ct. 643.

The fact that plaintiffs have not raised a state-law claim is of no moment. *Reid v. Board of Educ. of the City of New York,* 453 F.2d 238, 242 n. 7 (2d Cir.1971) ("It is no answer to the contention that the district court should have abstained, that appellants did not raise their state claims in their complaint. Appellants cannot be allowed to frustrate the policies underlying the doctrine of abstention by this simple expedient."). Moreover "[t]he policies furthered by abstention cannot be circumvented merely by the plaintiff's selecting a federal forum to the exclusion of the state forum." *Romero,* 455 F.2d at 1167 (citing *Government and Civic Employees Organizing Committee CIO v. Windsor,* 116 F.Supp. 354, 359 (N.D.Ala. 1953), *aff'd per curiam,* 347 U.S. 901, 74 S.Ct. 429, 98 L.Ed. 1061 (1954)).

The most judicious course is to require plaintiffs to pursue their claims in the state courts. The extent to which the City has breached its duty to fund the firefighters' pension fund must be made with reference to

---

**2.** Furthermore, to the extent that plaintiffs ask this Court to review and modify the *Nicolay* judgment, such proceedings are barred by the *Rooker–Feldman* doctrine. *Reitnauer v. Texas Exotic Feline Foundation, Inc.,* 152 F.3d 341, 343 (5th Cir.1998).

the state constitutional guarantee of such benefits. *See* La. Const. Art. 10, § 29(B). A state court's construction of this provision—for which the Court is aware of no decisions construing it—may displace the need to reach a federal constitutional question, *Reetz v. Bozanich,* 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970), and avoid undue interference with state policies.

Finally, the Court is especially wary of suits seeking to compel local officials to comply with state law, *cf. Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), particularly when a judgment would involve a liability which must be paid from public funds. *Cf. Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The various abstention considerations which convene at this juncture between state and federal power echo a common theme: The doctrine of comity and respect for the contours of federalism counsel abstention in this matter.

For the foregoing reasons, the City's Motion to Abstain is GRANTED.