**Michael W. MURPHREE, Sr., Individually and on behalf of all other similarly situated**

v.

**William WINTER, Ed Pittman, and Bill Allain as Members of the State Board of Election Commissioners, et al.**

**Civ. A. No. J83–0644(B).**

United States District Court, S.D. Mississippi, Jackson Division.

June 12, 1984.

Shirley Payne, Jackson, Miss., for plaintiff.

Carl John Hedglin, William S. Boyd, III, W.V. Westbrook, Sp. Asst. Attys. Gen., David W. Clark and Natie P. Caraway, Jackson, Miss., for defendants.

## ORDER AND MEMORANDUM OPINION

BARBOUR, District Judge.

On June 27, 1983, the Plaintiff, Michael W. Murphree, Sr. was arrested on an aggravated assault charge. Since he was unable to post bond, he remained incarcerated in the Jackson City Jail until his release on August 22, 1983. During this time, the primary elections for certain state offices in Mississippi were held. The first primary was held on August 2, 1983. Murphree wanted to vote in the August 2 primary; however, he was still incarcerated. It is undisputed that he asked an official at the jail, Officer Jackson, if he would be allowed to vote. (Affidavit of Michael Murphree). Officer Jackson informed the Plaintiff "there was no way an inmate could vote. There were no provisions made for any prisoner of any status to obtain access to a ballot." (Affidavit of Michael Murphree). The Plaintiff then called his wife and asked her to find out if there was any way he could vote.

According to the Affidavit of Jan Lewis, the Director of the American Civil Liberties Union of Mississippi, which Affidavit is undisputed, Mrs. Murphree called her on Tuesday, August 2, 1983, and explained the Plaintiff's situation. Mrs. Murphree told Lewis that her husband wished to vote that day in the primary election.

Jan Lewis then called the Hinds County Election Commission Board. It immediately referred her to the Hinds County Circuit Clerk's Office and William McKinley, the Circuit Clerk and Registrar. According to Jan Lewis' Affidavit:

The woman who answered the phone stated that the office had received a similar inquiry from another prisoner's wife but she did not know what was being done; she referred me to Mr. McKinley. McKinley expressed concern but stated that because there was no absentee ballot provision detainees would have to go to the polls to vote. He doubted that a deputy would take them to the polls. McKinley suggested that we (ACLU) would need to get some legislation passed to resolve the dilemma.

Mrs. Lewis then contacted City and County officials who refused to release Mr. Murphree, even temporarily, so he could vote.

On August 18, 1983, the Plaintiff filed the Complaint in this law suit seeking declaratory and injunctive relief, a Motion for class certification and a Motion for a temporary restraining order:

suspending and restraining the operation, enforcement or execution of Section 23-9-601, *Miss. Code Ann.* (1972) and the custom and practice of defendants, as set forth in the complaint ... in so far as said law, custom and usage denies to the plaintiff the right to vote, pending the hearing upon the issuance of a preliminary injunction, so that the named plaintiff, Michael W. Murphree, Sr., shall be afforded an opportunity to vote in the August 23, 1983, primary election.

The relevant provision of the Mississippi Absentee Voter Law at issue provides:

For the purpose of this article, any duly qualified elector may vote as provided in this article if he be one who falls within the following categories:

(1) Any qualified elector who is a bona fide student, teacher or administrator at any college, university, junior college, high, junior high, or elementary grade school whose studies or employment at such institution necessitates his absence from the county of his voting residence on the date of any primary, general or special election, or the spouse and dependents of said student, teacher or ad-

ministrator if such spouse or dependent(s) maintain a common domicile, outside of the county of his voting residence, with such student, teacher or administrator.

(2) Any qualified elector who is an actual driver, operator or crewman employed and actually engaged in transportation service of a duly authorized common carrier in interstate commerce and whose employment with such carrier necessitates his absence from the county of his voting residence at the time of any primary, general or special election, may vote at such election as provided in this article. For the purpose of this article, common carriers in interstate commerce shall be defined as trains, buses, trucks, airplanes, and seagoing ships and vessels.

(3) Any qualified elector who is required to be away from his place of residence on any election day due to this employment: (a) as personnel assigned to any offshore oil, gas or other mineral drilling rig in the Gulf of Mexico or adjacent waters, (b) as personnel serving aboard boats, barges, dredges, or other watercraft on inland waterways within the continental limits of the United States, (c) as personnel serving aboard commercial fishing vessels operating off the Mississippi Gulf Coast, (d) as an employee of a member of the Mississippi Congressional delegation and the spouse and dependents of such person if he or she shall be residing with such absentee voter away from the county of the spouse's voting residence, or (e) as an employee, businessman, professional, tradesman and other person actually engaged in any legal occupation whatsoever and whose employment or occupation necessitates his being over fifty (50) miles distant from the county of his voting residence at the time of any election, and the spouse and dependents of such person if he or she shall be residing with such absentee voter away from the county of the spouse's voting residence.

(4) *Any person who is sick or physically unable to go to the polls on election day and vote in person.*

(5) Any member of the Mississippi Congressional delegation absent from Mississippi on election day, and the spouse and dependents of such member of the congressional delegation. (Emphasis added).

*Miss. Code Ann.* § 23–9–603 (Supp.1983). The Motion was scheduled for hearing at 11:00 A.M. on August 22, 1983.

At the hearing on the Temporary Restraining Order the Defendants[1] advised the Court that the Plaintiff's bond had been reduced so that he could be released and thereby vote, thus mooting the T.R.O.

The Plaintiff filed a Motion for Preliminary Injunction on October 4, 1983. The State Defendants did not answer the Complaint until October 11, 1983, denying most of the allegations of the Complaint. The State Defendants also filed a Motion to Dismiss, or in the alternative for Summary Judgment on October 11, 1983.

## DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

The State and County Defendants filed Motions to Dismiss or alternatively, for Summary Judgment. Both Defendants assert that the Complaint fails to allege a case or controversy under Article III of the Constitution and that the Plaintiff lacks standing to maintain this action.

Article III of the Constitution limits the judicial power of the United States to the resolution of "cases" and "controversies".

1. The Plaintiff named as Defendants the members of the State Board of Election Commissioners, Hinds County Board of Election Commissioners, Hinds County Circuit Clerk and Registrar of Hinds County, Chief of Police for the City of Jackson, Hinds County, Mississippi, members of the Election Commission for the City of Jackson, Hinds County, Mississippi, Election Co-ordinators for the Republican Party of Hinds County, Mississippi, Election Co-ordinators for the Democratic Party of Hinds County, Mississippi and the Hinds County Board of Supervisors.

The United States Supreme Court has recently held:

> [A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the Defendant," *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 99 [99 S.Ct. 1601, 1607, 60 L.Ed.2d 66] (1979), and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision," *Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 38, 41 [96 S.Ct. 1917, 1926, 48 L.Ed.2d 450] (1976).

*Valley Forge Christian College v. American United for Separation of Church & State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982).

Further, the Court held:

> Beyond the constitutional requirements, the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing. Thus, this Court has held that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. [490], at 499 [95 S.Ct. 2197, 2205, 45 L.Ed.2d 343].

454 U.S. at 474, 102 S.Ct. at 759.

In their briefs and during oral arguments, Defendants contend that Michael Murphree lacks standing to maintain this action. Particularly, the Defendants contend that the Plaintiff never made a formal written request for an absentee ballot as required by Mississippi Code Annotated, Section 23–9–605 (Supp.1983).

■ The underlying facts are not in dispute. Michael Murphree was a registered voter in Hinds County, Mississippi. He was arrested on June 27, on a charge of aggravated assault. Since he was unable to post bond, he remained incarcerated in the Jackson City Jail. He wished to vote in the state-wide election in August. His attorney, Jan Lewis, contacted William McKinley, Hinds County Circuit Clerk. Mr. McKinley advised Ms. Lewis that the Mississippi Absentee Ballot statute made no provision for pretrial detainees and consequently Mr. Murphree, as well as any other pretrial detainee, could not vote by absentee ballot in Mississippi. The State Defendants admitted in oral argument that this was the advise given by Mr. McKinley. They maintain, however, that Mr. Murphree cannot bring this claim because he failed to request from Mr. McKinley an absentee ballot in writing as required by the statute. The Plaintiff admits that he did not make a formal request in writing but asserts it would have been a waste of time. The Defendants do not maintain that Mr. McKinley would have allowed Michael Murphree to vote absentee if the requirements of Section 23–9–605 had been followed. While the State has submitted Affidavits of other Circuit Clerks in Mississippi stating that the language "physically incapacitated" in Section 23–9–605 and "physically unable" in Section 23–9–603 would apply to pretrial detainees, the State failed to controvert the proof offered by the Plaintiff to show that Mr. McKinley so interpreted the statute to preclude pretrial detainees.[2] The completion in writing to Mr. McKinley of a formal application would add nothing to "that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). Instead, "completion of the formal application process by plaintiff would have been little more than hollow formalism." *Goldsmith v. Pringle,* 399 F.Supp. 620, 623 (D.Col.1975). It is, therefore, the opinion of this Court that Michael W. Murphree,

---

**2.** The Defendants attempt to create an ambiguity in Section 23–9–603 sufficient to justify their abstention argument by arguing that McKinley interpreted the statute to preclude pretrial detainees while other Circuit Clerks would interpret the statute, if called upon, to include pretrial detainees.

Sr., does have standing to maintain this action.[3]

## CLASS CERTIFICATION

The Plaintiff has filed a Motion for Class Certification of a Plaintiff class and Defendant class. Specifically, Plaintiff seeks a class certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure defined as "all present and future pretrial detainees and other prisoners incarcerated in Mississippi, who are not disenfranchised for conviction of certain felonies under Sections 23–5–35 and 99–19–35 of the *Mississippi Code Annotated of 1972.*" In addition, the Plaintiff seeks a defendant class certified pursuant to Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure for a class defined as "all present and future elections officials and law enforcement custodial officers in Mississippi, who control access of prisoners to the vote."

■ Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure which provides:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impractical, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

F.R.Civ.P. 23. The burden is on the Plaintiff to show that the requirements of Rule 23 have been met. *General Telephone Company of the Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). There must be a factual basis for determining whether these Rule 23 requirements have been satisfied. *Fleming v. Travenol Laboratories, Inc.,* 707 F.2d 829, 832–33 (5th Cir.1983).

■ The Plaintiff has submitted affidavits showing the number of pretrial detainees and convicted misdemeanants in Copiah, Madison, Simpson, Sharkey, Yazoo, Lowndes, Rankin, and Hinds Counties, Mississippi, on certain dates, which number totals 234. There are a total of 82 counties in the State. In addition, this class would encompass any future pretrial detainees in the State of Mississippi. Consequently, the Plaintiff has satisfied the numerosity requirement of Rule 23.

The Plaintiff has also submitted his own affidavit showing that he was denied the right to vote through the interpretation of the statute by Mr. McKinley. The Fifth Circuit recently addressed the relationship between standing and class actions in *Vuyanich v. Republic National Bank of Dallas,* 723 F.2d 1195, (5th Cir.1984):

Under principals of standing, the named plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."

*Id.* at 1200, *quoting Warth v. Seldin,* 422 U.S. 490, 502, 95 S.Ct. 2197, 2207, 45 L.Ed.2d 343 (1975). As noted previously, the Plaintiff herein has established the "requisite case or controversy between [himself] and the Defendants ..." 723 F.2d at 1200, to satisfy the requirement of standing and commonality and typicality under Rule 23.

Further, the Plaintiff has shown that he will fairly and adequately protect the interest of the plaintiff class. This Court finds that the Plaintiff's attorney is qualified, experienced and able to conduct this litigation.

Consequently, the Plaintiff's Motion for Class Certification of a Plaintiff's class pursuant to Rule 23(b)(2) of Federal Rules of Civil Procedure to be defined as all present and future pretrial detainees and

---

**3.** The Defendants herein admit that "[t]his case belongs ... to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed

members of the class." *Gerstein v. Pugh,* 420 U.S. 103, 110, 95 S.Ct. 854, 861, 43 L.Ed.2d 54 (1975).

other prisoners incarcerated in Mississippi who are not disenfranchised for conviction of certain felonies under Sections 23–5–35 and 99–19–35 of the *Mississippi Code Annotated of 1972* is hereby granted.

■ As noted above, the Plaintiff also seeks certification of a Defendant class to be defined as all present and future election officials and law enforcement custodial officers in Mississippi who control access of prisoners to the vote. However, the Plaintiff has submitted no evidence whatsoever in support of this Motion. As the courts have held, actual not presumed compliance with Rule 23 must be satisfied. *See General Telephone Company of Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). Accordingly, the Plaintiff's Motion for Certification of a Defendant's Class is hereby denied.

## ABSTENTION

■ When a constitutional question such as equal protection of the fundamental right to vote over which this Court clearly has jurisdiction, is presented, the Court also has jurisdiction over the state "statutory" question. *See Hagans v. Lavine*, 415 U.S. 528, 543–44, 94 S.Ct. 1372, 1382, 39 L.Ed.2d 577 (1974) (the statutory claim is to be decided first and the constitutional claim not reached if the statutory claim is dispositive).

The Defendants argue, however, that this Court should abstain under the doctrine enunciated by the Supreme Court in *Railroad Commission of Texas v. Pullman Company*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Specifically, the Defendants argue that the Mississippi absentee voting provision in question has never been interpreted by the Mississippi Courts which should be given an opportunity to interpret the statute in question to be constitutional.

The Supreme Court has stated:

In applying the doctrine of abstention, a federal district court is vested with discretion to decline to exercise or to postpone the exercise of its jurisdiction in deference to state court resolution of underlying issues of state law. [citation omitted]. Where the resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication. [citation omitted]. The doctrine, however, contemplates that deference to state court adjudication *only be made where the issue of state law is uncertain*. [citations omitted].

*Harman v. Forssenius*, 380 U.S. 528, 534, 85 S.Ct. 1177, 1181, 14 L.Ed.2d 50 (1965). The state law issue involved here is Section 23–9–603 of the Mississippi Code which allows persons "sick or physically unable" to go to the polls in person to vote by absentee ballot. Thus the question is while the Mississippi statute doesn't expressly refer to pretrial detainees, does the term "physically unable" encompass pretrial detainees?

The Supreme Court has addressed the fundamental right to vote as it pertains to pretrial detainees in *O'Brien v. Skinner*, 414 U.S. 524, 525, 94 S.Ct. 740, 741, 38 L.Ed.2d 702 (1974). In *O'Brien*, the Court held the pretrial detainees are "under no legal disability impeding their legal right to register or to vote; they are simply not allowed to use the absentee ballot and are denied any alternative means of casting their vote although they are legally qualified to vote." *Id.* at 530, 94 S.Ct. at 743. This was held to be a violation of the equal protection clause of the fourteenth amendment. Therefore, the Mississippi statute must be interpreted to allow pretrial detainees to vote or the statute becomes unconstitutional.

■ With this background, we will now examine the statutory provision in question to determine whether the state law issue is uncertain for purpose of abstention. There is no state legislative history available to aid in this interpretation.

However, in construing a statute which "is susceptible to two different readings, one reading which would make it constitutional and a second reading which would make it unconstitutional, the rule of construction is that a court *must* read the statute to be constitutional." [emphasis added]. *Anderson v. Edwards*, 505 F.Supp. 1043, 1048 (S.D.Ala.1981) *citing Bickel v. Burkhart*, 632 F.2d 1251, 1255 (5th Cir.1980) (addressing regulations of fire department). The statute states that those who are "sick or physically unable" to vote at the polls in person can vote by absentee ballot. Pretrial detainees, in the very literal sense, are physically unable to go to the polls on election day and vote in person. To interpret the statute to exclude the fundamental right to vote to this class would render the statute unconstitutional. Consequently, it is obvious that the statute must include pretrial detainees under the provision made for those persons who are "physically unable" to go to the polls. Since the state statute is not "uncertain," *Pullman* abstention would be inappropriate.

It should be noted that even if the statute in question were uncertain, this would not be an appropriate case for abstention. Various counties across the state of Mississippi have been holding the elections which were postponed in the fall due to the need to redistrict the counties. In addition, there is another state-wide election in November with the party primaries in June. As so aptly stated by the Fifth Circuit, "[d]elay which follows from abstention is not to be countenanced in cases involving such a strong national interest as the right to vote." *Edwards v. Sammons*, 437 F.2d 1240, 1244 (5th Cir.1971) *citing Herman v. Forssenius*, 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965). *See Duncan v. Poythress*, 657 F.2d 691, 696–97 (5th Cir.1981) (abstention requires inquiry into the rights at stake and the cost of delay pending state court adjudication.)

As noted above, Section 23–9–603 literally includes pretrial detainees under the provision made for those who are "physically unable" to go to the polls and vote in person. Thus, Section 23–9–603 complies with the Constitution and the decision of the United States Supreme Court in *O'Brien v. Skinner*, 414 U.S. 524, 525, 94 S.Ct. 740, 741, 38 L.Ed.2d 702 (1974).

## MOTION FOR PRELIMINARY INJUNCTION

The Plaintiff has also filed a Motion for Preliminary Injunction seeking to enjoin the Defendants from prohibiting the Plaintiffs access to absentee ballots under Mississippi's Absentee Voter Law, Section 23–9–601, *et seq.* of *Miss.Code Ann.* (Supp. 1983). The prerequisites for granting a preliminary injunction were set forth in *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567 (5th Cir.1974) as follows:

1. A substantial likelihood that the Plaintiff will prevail on the merits;

2. A substantial threat that the Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to the Plaintiff outweighs the threatened harm the injunction may do to the Defendants; and

4. Granting the preliminary injunction will not disserve the public interest.

Obviously, there is no question but that pretrial detainees and convicted misdemeanants who are incarcerated cannot be denied access to the ballot under the equal protection clause of the fourteenth amendment and the United States Supreme Court decision in *O'Brien v. Skinner*, 414 U.S. 524, 525, 94 S.Ct. 740, 741, 38 L.Ed.2d 702 (1974). Thus, the Plaintiff class satisfies the first prerequisite to a preliminary injunction.

As to whether or not the Plaintiff class will suffer an irreparable injury if the injunction is not granted, the United States Supreme Court has held that the deprivation of a fundamental right constitutes irreparable harm requiring the issuance of a preliminary injunction. *Elrod v. Burns*, 427 U.S. 347, 373–74, 96 S.Ct. 2673, 2689–90, 49 L.Ed.2d 547 (1976). Further, the threatened injury to the Plaintiff class, dep-

rivation of the fundamental right to vote, outweighs any threatened harm that the injunction could do to the Defendants. In fact, it is hard to imagine what actual harm the Defendants themselves could suffer. Mere administrative inconvenience can never justify denial of a constitutional right. *See e.g., Dunn v. Blumstein,* 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972); *Goldberg v. Kelly,* 397 U.S. 254, 266, 90 S.Ct. 1011, 1019, 25 L.Ed.2d 287 (1970); *Watson v. City of Memphis,* 373 U.S. 526, 537–38, 83 S.Ct. 1314, 1320–21, 10 L.Ed.2d 529 (1963). The United States Supreme Court has held as a general matter, before the right to vote can be restricted, the purpose of the restriction and the assertedly overriding interest served by it must meet close constitutional scrutiny. *McDonald v. Board of Election Commissioners,* 394 U.S. 802, 806–07, 89 S.Ct. 1404, 1407, 22 L.Ed.2d 739 (1969). In order to meet this strict constitutional scrutiny, the Court has required the state to prove a compelling state interest to justify restriction of the right to vote. The State of Mississippi attempts to make no justification for contesting the right to vote of the Plaintiff class in this instance.

Clearly, the granting of this preliminary injunction will not disserve the public interest. The fundamental right to vote is one of the cornerstones of our democratic society. The threatened deprivation of this fundamental right can never be tolerated.

Accordingly, the Plaintiff's Motion for Preliminary Injunction is hereby granted and the Defendants are prohibited from denying the Plaintiff class access to an absentee ballot under Mississippi's Absentee Voter Laws, *Miss. Code Ann.* § 23–9–601, *et seq.* (Supp.1983). This Court sees no need for an additional hearing on the permanent injunction. Consequently, it is hereby ordered that this preliminary injunction shall automatically become a permanent injunction after 20 days unless objections are filed showing why it should not. At the expiration of the 20 days a final judgment shall be entered pursuant to Rule 58 if no objections have been filed.