M. Hafeez CHAUDHRY, Plaintiff,

v.

PRINCE GEORGE'S COUNTY, MARYLAND, et al., Defendants.

Civ. No. H–83–1692.

United States District Court, D. Maryland.

April 17, 1985.

Glenn M. Cooper and Paley, Rothman & Cooper, Chevy Chase, Md., for plaintiff.

Sherrie L. Krauser, Associate Co. Atty., Upper Marlboro, Md., for defendants.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, District Judge.

This civil action has been filed in this Court as a result of a dispute between a physician and former members of the Board of Directors of a community hospital in Prince George's County, Maryland. Various motions are presently pending before the Court. The essential question presented by these motions is whether federal jurisdiction exists so that this Court may hear and decide the claims asserted by the plaintiff. Having concluded ·that subject matter jurisdiction does not exist and that this dispute should be or should have been ·resolved in a state court, the amended complaint will be dismissed without prejudice, and plaintiff will not be permitted to further amend his complaint. .

Dr. M. Hafeez Chaudhry, plaintiff herein, is a physician engaged in the private practice of cardiology. Among the hospitals where he practices is Greater Laurel Beltsville Hospital (hereinafter "the Hospital"), which is located in Laurel, Prince George's County, Maryland. The Hospital is owned by Price George's County (hereinafter "the County"). In July of 1981, plaintiff Chaudhry became Chairman of the Hospital's Department of Internal Medicine (hereinafter the "Department"). Later in January of 1982, he became a member of the Hospital's Board of Directors. While serving in these positions, plaintiff became embroiled in a controversy which touched the Hospital, its Board of Directors, its administrators, its professional staff and the rules under which members of that staff secure privileges to practice at the Hospital.

As a result of certain actions, including his testimony before the Prince George's County Council, plaintiff was censured by the Board of Directors at a meeting held on February 4, 1983. In this suit, plaintiff asserts that this censure was stigmatizing and improper and that he was thereby deprived of his constitutional right to due process of law. In his amended complaint, plaintiff has sued under 42 U.S.C. § 1983 and under the Fifth and Fourteenth Amendments to the Constitution of the United States. In addition, relying on the doctrine of pendent jurisdiction, plaintiff has asserted claims under the Maryland Declaration of Rights and under the common law of the State of Maryland.

Named as defendants in the original complaint were the County, the Hospital Commission of the County, the former Chairman of the Hospital's Board of Directors, and nine former Hospital directors.[1] At the request of the plaintiff, an Order was entered herein on July 21, 1983, dismissing the Hospital Commission as a defendant.[2]

Extensive discovery has been undertaken by the parties since this action was initially filed. When the facts as developed by discovery are analyzed, it is apparent that plaintiff is essentially claiming first that he has been defamed by statements and actions of members of the Hospital Board and secondly, that the Hospital has breached several contracts with him. After a review of the record developed to date in this case, this Court concludes that claims of this sort are not cognizable in federal court under § 1983 or under the Fifth and Fourteenth Amendments to the Constitution.

Presently pending before the Court are the following motions:

1. Plaintiff's motion for partial summary judgment;

2. The motion of the individual defendants for summary judgment;

3. Plaintiff's motion for leave to amend his pleadings;

4. The renewed motion of all defendants for summary judgment;

5. Plaintiff's renewed motion for summary judgment; and

6. Defendants' motion to strike a supplemental affidavit.[3]

Voluminous memoranda, as well as affidavits, exhibits and other discovery materials, have been filed by the parties in support of and in opposition to the pending motions. No hearing is necessary for a decision. *See* Local Rule 6. For the reasons to be stated herein, plaintiff's motions for summary judgment and plaintiff's motion for leave to amend his pleadings will be denied; defendants' motions for summary judgment will be granted, and this civil action will be dismissed without prejudice.

---

1. Plaintiff did not sue the Hospital itself. It is not entirely clear from the record in this case whether or not the Hospital is a separate entity.

2. The Hospital Commission was created by County legislation and charged with the overall supervision and operation of County hospitals. However, the suable entity is the County itself.

In any event, the Hospital Commission was dissolved by County legislation effective June 30, 1983.

3. Defendants' motion to strike will be denied. The supplemental affidavit in question has been considered as a part of the record in this case.

This suit has had a long and tortuous history. The complaint was initially filed on May 20, 1983. Defendants responded by moving to dismiss and for a more definite statement. An amended complaint was then filed on July 12, 1983. After defendants had answered the amended complaint, the Court entered a Scheduling Order on August 29, 1983. Pursuant to this Scheduling Order, a pretrial conference was scheduled in the case for February 6, 1984.

Discovery was then undertaken by the parties and on October 17, 1983, plaintiff filed a motion for partial summary judgment. On January 24, 1984, the individual defendants also filed a motion for summary judgment. Plaintiff then sought an extension of the time to complete discovery and with the consent of defendants, the pretrial conference was cancelled. An Order was entered on February 9, 1984, extending the time for the completion of discovery until April 30, 1984. Various discovery disputes then arose between the parties requiring several conferences with the Court. In a letter opinion dated July 5, 1984, the Court considered and ruled on plaintiff's motion to compel discovery and for sanctions, which was granted in part and denied in part.

At a telephone status conference held with the Court on June 20, 1984, the parties indicated that they wished to file further motions for summary judgment. At that same telephone conference, a briefing schedule was fixed for these restated motions for summary judgment. On July 16, 1984, plaintiff moved for leave to again amend his complaint. The proposed second amended complaint sought to reinstate the Hospital Commission as a defendant, to delete as defendants all of the former members of the Hospital's Board of Directors except for Chairman Frederick and to add a new federal claim based on the First Amendment.

Because of difficulties encountered by counsel in completing discovery, the schedule for the filing of the renewed motions for summary judgment was thereafter ex-tended. After all memoranda had been submitted in support of and in opposition to the pending motions for summary judgment, plaintiff, on November 14, 1984, filed a supplemental affidavit. Defendants have moved to strike that affidavit on the ground that it was not timely filed. The final pleading in the file is an opposition to defendants' motion to strike filed by plaintiff on December 6, 1984.

I

*The Background Facts*

Differences between plaintiff Chaudhry and the Hospital arose as a result of several different incidents. The first controversy between the parties was the result of certain testimony given by plaintiff as Chairman of the Hospital's Department of Internal Medicine. On September 23, 1981, plaintiff testified before the Prince George's County Council concerning the efficacy of the Hospital as a provider of health care. His testimony on that occasion included several statements concerning the Hospital staff and its equipment. Members of the Hospital community believed that plaintiff's testimony was in part untrue and was in any event unfair. Plaintiff asserts that his testimony was true and was presented for constructive purposes.

Secondly, a dispute arose concerning plaintiff's review of privileges extended to physicians who practiced at the Hospital. As a part of his duties as Chairman of the Department, plaintiff believed that it was his responsibility to review the granting by the Hospital to physicians of privileges to practice at that institution. During the latter part of 1981, plaintiff undertook a review of the privileges which the Hospital had extended to other doctors. Believing that some privileges to practice had been granted in violation of rules of the Hospital and of the Department, plaintiff submitted a written report to the Credentials Committee of the Hospital. This report detailed plaintiff's evaluation of the professional qualifications of some of the physicians who practiced at the Hospital and further made recommendations concerning the

scope of the privilege to practice which should be accorded to some of these physicians. Members of the Board of Directors questioned whether plaintiff had exceeded his responsibilities in submitting this report.

Thirdly, in November of 1981, plaintiff undertook to change some of the rules and regulations of his Department. In particular, some of these rules set forth the requirements which physicians must fulfill in order to enjoy the privilege of practicing at the Hospital. Plaintiff asserts that he signed a document which he believed to be a copy of the amended rules and regulations and which incorporated certain changes he had asked a secretary to make. Copies of the amended rules and regulations were then distributed to various physicians and administrators at the Hospital. Plaintiff contends that the version of the rules and regulations which he signed was not the version which subsequently was reproduced and distributed. He asserts that his signature was fraudulently affixed to the distributed document.

As a result of the dispute which arose concerning the distribution of amended rules and regulations, the then Chairman of the Board of Directors of the Hospital, S.G. Fred Frederick, one of the defendants herein, asked the Executive Committee of the Hospital's medical staff on July 8, 1982 to determine whether the version of the rules and regulations as distributed was in fact the proper version. Following an investigation, which plaintiff characterizes as "stigmatizing" and devoid of due process, the matter was taken up at a meeting of the Board of Directors of the Hospital. During that meeting, which was held on February 4, 1983, the Board voted to censure plaintiff. By letter dated February 7, 1983, from defendant Frederick as Chairman of the Board, plaintiff was advised that a letter of censure was being placed in his credential file. That letter stated in part:

The Board of Directors have sufficient evidence to indicate that you have not been acting in the best interests of the Greater Laurel Beltsville Hospital and the Hospital Commission of Prince George's County, as evidenced by your:

1. disloyalty to the Greater Laurel Beltsville Hospital and its Medical Staff, as well as the Hospital Commission of Prince George's County;
2. discouragement of other physicians to utilize the Greater Laurel Beltsville Hospital through disparaging remarks about the hospital, Medical Staff members, employees, and equipment without supporting documentation being presented to the Board of Directors;
3. disruptive actions and abuse of power within the Medical Staff organization, and specifically, your leadership/authority position within the Department of Internal Medicine, and the failure to follow proper procedures as outlined in the Medical Staff Bylaws, Article XIV, as related to the conduct of departmental meetings;
4. intimidation of other Medical Staff members, Board members, Administration and hospital employees.

Your personal actions are considered by some of your peers to represent abuse of power, disruptive behavior and interference in other physicians' activities. These actions have compromised the day-to-day operations of the Medical Staff and this hospital, along with the provision of quality patient care.

In his amended complaint, plaintiff asserts that the Board's censure of him on February 4, 1983 was stigmatizing and improper and constituted a deprivation of his rights without the attendant safeguards required by due process of law. In addition, plaintiff claims that defendants wrongfully terminated the contract whereby the Hospital had promised to retain him as an interpreter of electrocardiograms for the fiscal year beginning July 1, 1982. Finally, he claims that the Hospital breached another contract whereby it had agreed to pay plaintiff certain fees in exchange for the use of medical equipment owned by plaintiff. As relief, plaintiff is seeking a declaratory decree, an injunction, compensatory

and punitive damages, attorneys' fees and costs.

In seeking to further amend his amended complaint, plaintiff asserts that his First Amendment rights have been infringed. Plaintiff claims that the censure of him by the Board of Directors constituted impermissible action by defendants in response to his exercise of his right of free speech.

## II

### The Pending Motions for Summary Judgment

■ Both the plaintiff's and the defendants' motions for summary judgment were filed pursuant to allegations contained in the amended complaint. Although the amended complaint named the Hospital Commission as one of the defendants, at plaintiff's request, the Commission was later dismissed as a defendant, and is therefore not at this time a party to this suit.[4] The County is a party and presumably has been named as a defendant because it owns the Hospital.

This case is particularly well suited for disposition by way of motions for summary judgment. Pursuant to Rule 56(c), F.R. Civ.P., a motion for summary judgment should be granted "forthwith" if the pleadings, discovery and affidavits filed in a case show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Since the facts material to a decision in this case are not in dispute, the pending motions for summary judgment have presented essentially legal issues.

Clearly, plaintiff's claims that his constitutional rights have been infringed by the County must fail. It is well established that a municipality cannot be vicariously liable under § 1983 pursuant to a theory of *respondeat superior* for the acts of its employees or agents. *Monell v. Depart-*

*ment of Social Services*, 436 U.S. 658, 690–95, 98 S.Ct. 2018, 2035–38, 56 L.Ed.2d 611 (1978). A local governing body can be sued directly under § 1983 only where the allegedly unconstitutional action implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers. *Id.* at 690, 98 S.Ct. at 2035. In order to recover under the principles of the *Monell* case, a plaintiff must establish both a municipal policy or custom and a causal link between such policy or custom and the alleged constitutional injury. *Hector v. Weglein*, 558 F.Supp. 194, 200 (D.Md.1982).

■ The record here establishes as a matter of law that there was no County policy or custom that caused injury to the plaintiff. The County can hardly be held responsible for acts taken by the Board of Directors of one of its hospitals. Nothing in the record indicates that the County had a policy, procedure or custom which caused the alleged injury of which the plaintiff is complaining in this case. In the amended complaint, plaintiff has done no more than allege that defendant Frederick was acting as an agent of the County when he issued the letter of censure. Since the County cannot be held responsible for acts of its agents, the County is entitled to summary judgment as to plaintiff's claims asserted against it under § 1983 and directly under the United States Constitution.[5]

■ The remaining defendants named in the amended complaint are the former Chairman and nine former members of the Board of Directors of the Hospital.[6] Apparently conceding that he may not here sue former members of the Hospital's Board other than the former Chairman, plaintiff in his proposed amendment to the amended complaint, has deleted all individual defendants except for defendant Frederick. Whether defendant Frederick is

---

**4.** The Board of Directors was in any event ultimately responsible in 1982 and early 1983 for the Hospital and its operations, activities and actions.

**5.** Even if the Hospital Commission were a defendant, plaintiff's claims against it would likewise be subject to dismissal under *Monell.*

**6.** The Board of Directors was dissolved by County legislation, effective June 30, 1983.

viewed as the sole remaining individual defendant or whether all of the individual defendants named in the amended complaint are considered as being still in the case, it is apparent from the record here that the plaintiff has not alleged a claim which would entitle him to the relief he is seeking under § 1983 or directly under the Fifth and Fourteenth Amendments.

In seeking damages and other relief under § 1983, plaintiff is here claiming that the Chairman and other members of the Board of Directors of the Hospital, acting under color of state law, deprived him of his constitutional right to due process. *See Adickes v. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). The parties agree that plaintiff's due process claim in this case is grounded upon the assertion that he has been deprived of a liberty interest protected by the Fourteenth Amendment. The decision of the Supreme Court in *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) is dispositive here. In that case, the Supreme Court discussed at some length the limits of a protected liberty interest and held that a claim of defamation is not in and of itself actionable under § 1983. In *Paul*, the Supreme Court ruled that a loss or injury could not constitute the deprivation of a liberty interest unless that loss involved a removal, extinguishment or significant alteration of an interest recognized and protected by law. 424 U.S. at 710–11, 96 S.Ct. at 1164–65. Any harm or injury to a plaintiff's interest in his reputation does not result in a deprivation of "liberty" or "property" guaranteed against state deprivation without due process of law. *Id.* at 712, 96 S.Ct. at 1166.

In this particular case, it is apparent that plaintiff is primarily seeking damages and other relief because he was "stigmatized" and otherwise injured by the censure action taken by the Board of Directors of the Hospital on February 4, 1983. Under *Paul v. Davis*, a claim of this sort is not maintainable under § 1983.

■ In attempting to define a liberty interest which might permit him to sue under § 1983, plaintiff argues that there have been additional deprivations besides an injury to his reputation. He asserts that he has suffered (1) a loss of income because of defendants' breach of a contract whereby he had agreed to read electrocardiograms, (2) a loss of income as a result of defendants' breach of a contract for the rental of medical equipment owned by him, and (3) a loss of income caused by a decrease in the number of patient referrals made to him. But such losses would not constitute a liberty or property interest the deprivation of which would permit plaintiff to seek relief under § 1983. Section 1983 is to be interpreted against a "background of tort liability." *Monroe v. Pape*, 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961). Liability is imposed under this statute for subjecting a person to the deprivation of rights secured by the Constitution of the United States and not for breach of contract. *Braden v. Texas A & M University System*, 636 F.2d 90, 92 (5th Cir.1981); *Bleeker v. Dukakis*, 665 F.2d 401 (1st Cir. 1981). Moreover, plaintiff's contention that he has lost income because of a decrease in the number of patient referrals is no more than a claim for consequential damages resulting from an injury to his reputation. Plaintiff has not alleged and cannot allege on this record that any decrease in referrals was caused by the loss or alteration of a legal status recognized and protected by state law. *See Mosrie v. Barry*, 718 F.2d 1151, 1161–62 (D.C.Cir. 1983).

■ Plaintiff himself has even recognized that his claim for breach of contract is one that may be presented to a state court under Maryland common law. He has previously sued the County seeking recovery of rental fees due him because of the breach by the Hospital of a contract whereby he was to be paid for the use of his equipment. *Chaudhry v. Prince George's County, Maryland*, 626 F.Supp. 448 (Md.1985) (Circuit Court for Prince George's County, Maryland). That suit was

filed by the plaintiff in August of 1983, and a trial is now scheduled for June of 1985.

For all these reasons, this Court concludes that plaintiff has not alleged or shown that he has a protectable liberty interest which would permit him to seek relief against the defendants under § 1983. Accordingly, plaintiff's motions for summary judgment will be denied, and defendants' motions for summary judgment will be granted.[7]

### III

### *The Motion to Further Amend the Amended Complaint*

■ Under Rule 15(a), F.R.Civ.P., once a responsive pleading has been filed, a party may amend his pleading only by leave of court. Although the rule states that such leave is to be "freely given when justice so requires," it is well settled that the decision whether to grant an amendment to a pleading rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazletine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). In *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Supreme Court held that although leave to amend should ordinarily be freely given, an amendment should not be allowed if, *inter alia*, it will cause undue delay or prejudice to the opposing party, or if the amendment would be futile.

In this case, it is clear that, if this case were to go forward, the proposed amendment would delay the trial, would prejudice defendants and would probably prove to be futile. Plaintiff has already amended his complaint once. The pending motion, which seeks to further amend the amended complaint, was filed some fifteen months after suit was instituted, was filed after the date initially set by the Court for the pretrial conference, and was filed at a time when substantially all of the discovery had been completed by the parties.[8] Plaintiff is now seeking to add a new federal claim, namely that his First Amendment rights were infringed by the defendants as a result of which he has suffered loss and damage. This new federal claim raises a number of legal and factual questions which differ from those presented by the federal claim asserted by plaintiff in the amended complaint. Indeed, there is a serious question whether an implied right of action exists directly under the First Amendment whereby plaintiff would be entitled to recover damages and an injunction against defendants. In any event, if the requested amendment were permitted, additional discovery would be necessary, additional motions and briefing could be expected, additional expenses would be incurred and the trial of this case would be further delayed. Moreover, there is no apparent reason why plaintiff was required to wait until discovery was substantially completed before seeking to add this new federal claim. The background facts were well known from the outset, and there is no reason why plaintiff's First Amendment claim could not have been included in the amended complaint.

■ This Court further concludes that plaintiff's proposed amendment would probably be futile. This is not a case in which an employee of a state agency has alleged under § 1983 that he has not been hired or that he has been discharged because of the exercise by him of his First Amendment rights. *See Cherry v. Burnett*, 444 F.Supp. 324 (D.Md.1977); *Ollman v. Toll*, 518 F.Supp. 1196 (D.Md.1981). Plaintiff voluntarily resigned as Chairman

---

7. Even if plaintiff were entitled to assert a claim against defendants directly under the Fifth Amendment or the Fourteenth Amendment, such a federal cause of action would likewise fail for the reasons stated by the Supreme Court in *Paul v. Davis, supra.*

8. At the telephone status conference held on June 20, 1984, the Court set a schedule for the filing of renewed motions for summary judgment. Although indicating that plaintiff wished to further amend the amended complaint, counsel did not advise either the Court or defendants' attorney that the proposed amendment would include a new and additional federal claim.

of the Department of Internal Medicine. However, he still retains his hospital privileges and continues to practice there. Any economic loss sustained by him would be the result of his allegations that he has been defamed and that the Hospital has breached agreements between the parties.[9] As discussed hereinabove, claims of this sort are not cognizable under § 1983, and plaintiff is therefore not entitled to seek a recovery in this case either under allegations of a denial of due process rights or allegations of a denial of First Amendment rights.

## IV

### Plaintiff's Claims Under State Law

█ In addition to the federal claims which plaintiff has attempted to allege in his amended complaint, he has asked this Court to exercise pendent jurisdiction over several additional claims asserted under state law. On the record here, this Court concludes that the state claims likewise should be dismissed, without prejudice to plaintiff's right to assert them in a state court.

Pendent jurisdiction is a doctrine of discretion and not one of a plaintiff's right. *United Mineworkers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Supreme Court has cautioned that "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer footed reading of applicable law. Certainly if the federal claims are dismissed before trial ... the state claims should be dismissed as well." *Id.* at 726, 86 S.Ct. at 1139.

In this case, the federal claim asserted in the amended complaint has now been dismissed pursuant to defendants' motions for summary judgment. As Judge Friendly stated in *Kavit v. A.L. Stamm & Co.*, 491 F.2d 1176, 1180 (2d Cir.1974):

If it appears that the federal claims are subject to dismissal ... or could be disposed of on a motion for summary judgment under F.R.Civ.P. 56, the Court should refrain from exercising pendent jurisdiction absent exceptional circumstances.

Since summary judgment has been granted as to plaintiff's federal claim and since there are no exceptional circumstances here, this Court will not exercise pendent jurisdiction in this case. If plaintiff wishes to assert claims against defendants under state law, he should file an appropriate suit in a state court. For these reasons, plaintiff's state law claims will likewise be dismissed.

Accordingly, it is this 17th day of April, 1985, by the United States District Court for the District of Maryland,

ORDERED:

1. That plaintiff's motions for summary judgment be and the same are hereby denied;

2. That plaintiff's motion for leave to amend his pleadings be and the same is hereby denied;

3. That defendants' motions for summary judgment be and the same are hereby granted; and

4. That the amended complaint is hereby dismissed, without prejudice, with costs to be assessed against the plaintiff.

---

9. Affidavits of six physicians who also practice at the Hospital establish as a matter of law that defendants' acts and conduct did not cause other doctors to stop making patient referrals to plaintiff and did not cause other doctors to change their opinions concerning plaintiff's professional standing.